IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VONNIE L. SELLERS, #35906-118          :

   Petitioner                              :

   v.                                      :        CIVIL ACTION NO. RWT-07-840

LISA HOLLINGSWORTH, Warden             :

   Respondent                              :

                                                               :

**MEMORANDUM OPINION**

Before the court is a pro se 28 U.S.C. §2241 Petition for Wit of Habeas Corpus filed by Vonnie L. Sellers, an inmate at the Federal Correctional Institution in Cumberland, Maryland, challenging a Maryland State detainer lodged against him. Sellers has also filed a Motion to Proceed in Forma Pauperis which will be granted. Upon review of the Petition, the Court finds that Sellers fails to show that he has exhausted available state court remedies and the Petition will be dismissed without prejudice.

**I. Background**

Sellers claims that an "unconstitutional detainer" lodged pursuant to the Interstate Agreement on Detainers (IAD) "is effecting his substantial rights."[1] Sellers has also submitted documentation that indicates the Prince George's County Sheriff's Office has filed a detainer against him for theft under $500. On June 1, 2006, Sellers requested disposition of this charge under the Interstate Agreement on Detainers, and as of March 7, 2007, no action had been taken by Prince George's

---

[1] The Interstate Agreement on Detainers requires states to hold a trial within 180 days on any untried indictments, complaints, or information for which a detainer was lodged. See 18 U.S.C. app. 2 §2, art. 3; MD Code Ann., Correctional Services, § 8-405 (1999).

County.[2]

## II. Discussion

A federal district court will not entertain a habeas petition attacking an interstate detainer until a petitioner has exhausted his state remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). To exhaust a claim, a petitioner must have sought review in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In this case, Sellers has not presented any evidence that he exhausted his state court remedies before he filed for federal habeas relief.[3]

## III. Conclusion

For the reasons stated herein, the Court will grant the Motion to Proceed in Forma Pauperis and dismiss the Petition without prejudice for failing to exhaust state court remedies.


  4/13/07                                                  /s/
Date                                                                  ROGER W. TITUS
                                                                   UNITED STATES DISTRICT JUDGE

---

[2] Sellers generally states that he has made several attempts to compel the State of Maryland to comply with the provisions of the IAD. He fails to specify the actions taken and in what state forums he presented his claims.

[3] The Clerk will mail a blank §2241 forms and information packet to Petitioner in the event he intends to refile his claims after exhausting his state court remedies.